Filed 11/26/24  Tisino v. Allan CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| TRACY TISINO,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>COLLINS ALLAN,<br><br>    Defendant and Appellant. | B332932<br><br>(Los Angeles County Super. Ct. No. 18STFL01866) |

APPEAL from an order of the Superior Court of Los Angeles County, Christine Byrd, Judge.  Affirmed.

Eloche P. Ukeje for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Collins Allan (Allan) and Tracy Tisino (Tisino) married in 1997, and Tisino filed for divorce in 2018. Following a five-day trial, the trial court entered a spousal support order. Allan challenges the *Ostler-Smith*[1] provision in that order. Finding no abuse of discretion, we affirm.

The parties are familiar with the facts, and our opinion does not meet the criteria for publication. (Cal. Rules of Court, rule 8.1105(c).) We resolve the cause before us, consistent with constitutional requirements, via a written opinion with reasons stated. (Cal. Const., art. VI, § 14; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1261-1264.)

Allan challenges the trial court's spousal support order requiring him to pay 10 percent of his "gross revenues from any . . . source" other than his income from his employer Los Angeles Department of Transportation (LADOT), arguing that this aspect of the ruling "does not take into [account] that in the future, [Allan ] may no longer work for [LADOT]," and may earn less working for a different employer, "which could also be less than what [Tisino] earns at that time."

We review a trial court's spousal support order for abuse of discretion.[2] (*Ostler & Smith*, *supra*, 223 Cal.App.3d at p. 50

---

[1] *In re Marriage of Ostler & Smith* (1990) 223 Cal.App.3d 33 (*Ostler & Smith*).

[2] Allan contends "the substantial evidence standard of review" applies here. Neither of the cases he cites stands for that proposition, and indeed both confirm that abuse of discretion is the applicable standard. (*In re Marriage of Dennis* (1973) 35 Cal.App.3d 279, 284; *In re Marriage of Rosan* (1972) 24 Cal.App.3d 885, 897.)

["appellate courts must act with cautious judicial restraint in reviewing these orders"].)

Family Code section 4320[3] governs spousal support orders and identifies factors the trial court must consider in making them, including whether each party's earning capacity suffices to maintain the marital standard of living; the needs of each party based on the marital standard of living; the duration of the marriage; the extent to which the supported party contributed to the attainment of an education, training, a career position, or a license by the supporting party; the marketable skills of the supported party; and the supporting party's ability to pay. (§ 4320; *In re Marriage of Geraci* (2006) 144 Cal.App.4th 1278, 1297-1298 [court must consider and weigh each applicable statutory factor].)

In order to avoid " 'an indefinite number of future hearings at which the details of income, expenses, and investment success or failure, tax consequences and fairness must be reevaluated,' " the trial court may award as spousal support " 'a percentage of uncertain earnings,' " which is called an "*Ostler-Smith*" award after *Ostler & Smith, supra,* 223 Cal.App.3d 33 —which recognized the trial court's discretion to make such an award. (*In re Marriage of Usher* (2016) 6 Cal.App.5th 347, 352, fn. 3.)

Under section 4336, "the court retains jurisdiction indefinitely in a proceeding for dissolution of marriage . . . where the marriage is of long duration," generally of 10 years or more, and the court retains "discretion to terminate spousal support in later proceedings on a showing of changed circumstances." (§ 4336, subds. (a) & (c).)

---

[3]      Further statutory references are to the Family Code.

The record supplied by Allan shows the trial court acted well within its discretion in making the *Ostler-Smith* order.[4] Based on the evidence, the trial court found the parties maintained a "very modest" marital standard of living, such that "neither party appears to have any material needs based on the marital standard of living." Although the trial court determined the parties earned "comparable salaries from their employment," and Tisino's salary established her earning capacity, the trial court further found that Allan, who possessed advanced degrees and had previously pursued opportunities for consulting work, "has additional earning capacity because he could earn additional income from engineering consulting if or when [his employer, LADOT] allows him to do so." The duration of the marriage – slightly more than twenty years – was more than double the duration required for a presumptively long-term marriage under section 4336. With regard to Tisino's contributions to Allan's "[e]ducation, [t]raining, [c]areer, or [l]icense," the trial court found that, during marriage, Allan earned a dual doctorate in mathematics and engineering, and that evidence presented at trial showed Tisino contributed to Allan Engineering by managing the advertising, "running reports for taxes," and writing and depositing checks. The trial court concluded Allan "does not have the ability to pay spousal support at present," based on the evidence of his current earnings and living expenses, but further found that, in the future, his income "could be substantially larger," "[i]f or when [he] resumes engineering consulting," such that "he would have the ability to pay spousal support."

---

4      Tisino filed no respondent's brief.

4

After evaluating each of the section 4320 factors, the trial court set the base amount of spousal support at "$0" but further ordered Allan "shall pay [Tisino] 10% of his gross revenues from any other source" pursuant to *Ostler & Smith*, *supra*, 223 Cal.App.3d 33. The trial court specified the spousal support order "shall continue" until Tisino remarries, either party dies, "or until further court order, whichever occurs first," and acknowledged that given "the length of the marriage, 20 years, court jurisdiction shall continue over the issue of spousal support."[5]

The record shows the trial court considered the relevant factors and reached a reasonable decision in awarding zero in base spousal support because the parties earned roughly the same income at the time of trial. The trial court's award of 10 percent of Allan's income from sources other than LADOT is supported by the evidence, including his higher education and history of additional consulting income beyond his fulltime employment with LADOT. Thus, we reject Allan's contention that "there are no reasons articulated by the trial court for the award . . . of ten percent of the gross income [Allan] may make" from any source other than LADOT.

---

[5] The trial court issued a statement of decision, which Allan did not include in the record on appeal, despite including his own objections to that statement and Tisino's response to his objections. He also failed to include the trial briefs. (See Cal. Rules of Court, rule 8.320(b).) We have nonetheless evaluated the merits of his appeal based on the trial transcript and the trial court's judgment, which incorporated and attached the court's specific findings, and were included in the submitted record.

5

Allan urges us to reverse the trial court's *Ostler-Smith* order based on the possibility that in the future he may no longer work for LADOT and could earn less income elsewhere. But Allan has an adequate remedy for such a change in circumstances—he may return to the trial court and seek a modification to the spousal support order. (*In re Marriage of Dietz* (2009) 176 Cal.App.4th 387, 396.)

**DISPOSITION**

The order is affirmed. Each party is awarded costs on appeal.

DAVIS, J.[*]

WE CONCUR:

BAKER, Acting P. J.

KIM, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6 of the California Constitution.